December 18, 2015

BY ECF

Hon. Ronnie Abrams
United States District Judge
Thurgood Marshall United States Courthouse
Room 2203
40 Foley Square
New York, NY 10007

    *Tanvir v. Lynch, et al.*, No. 13 Civ. 6951 (RA)

Your Honor:

    Plaintiffs and Defendants sued in their official capacity (the "Government") submit this joint letter in response to the Court's order, issued December 15, 2015, which requested that the parties indicate whether they still plan to submit a proposed order and judgment to the Court and, if so, when they expect to make such a submission. *See* ECF No. 106.

    The parties agree that this Court should issue an order and judgment dismissing Plaintiffs' official capacity claims against the Government without prejudice and entering final judgment in favor of Defendants. However, the parties have been unable to reach agreement about the scope and wording of the proposed order. Attached to this letter for the Court's consideration are a proposed order and judgment from Plaintiffs and a competing proposed order of dismissal from the Government. Each party sets forth its rationale for their approach briefly below.

**Plaintiffs' Proposed Order**

    The primary difference between Plaintiffs' and the Government's proposed orders of dismissal is that Plaintiffs' contains a chronology of the relevant events that led Plaintiffs to agree to the dismissal of their official capacity claims. Nowhere in the orders issued by this Court to date are certain facts essential to understanding the sequence of events leading to the disposition of the claims set forth. For instance, the timing and means by which the Government notified Plaintiffs of the revised TRIP procedures (which were not published in the Federal Register), the fact that the Government offered to reopen Plaintiffs' closed TRIP complaints, an option which is not typically available to a traveler whose TRIP complaint has been closed, and that the reopened complaints would be evaluated under the revised procedures, which do not apply to TRIP complaints concerning travel prior to the announcement of revised procedures. These facts are not referenced in this Court's Opinion and Order of Sept. 3, 2015, *see* ECF No. 104 at 11-12; *cf.* Order, ECF No. 93 (Jun. 10, 2015) at 1; instead an interested member of the public would have to search those facts out from the parties' pleadings, on PACER or elsewhere.

    Given these circumstances, it is Plaintiffs' view that a judicial order announcing dismissal of their claims should recite the basic procedural facts that led to the dismissal, especially since Plaintiffs are acceding to certain aspects of that dismissal. Moreover, given the amount of

public attention directed at the No Fly List and the lack of transparency surrounding the revised TRIP process (which has been rolled out piecemeal and was applied to plaintiffs in various active litigation cases on different schedules), it is in the public interest that these facts be set forth in a judicially-issued document in order to provide an authoritative explanation for how the revised procedures were applied in this case and how the dismissal of the official capacity claims came to pass.

Plaintiffs also wish to advise the Court that, while they do not presently intend to seek attorneys' fees and costs, they do not wish to rule out the possibility of any such application entirely at this time. In the event that such an application were presented in the future, the Court would of course weigh its merit at that stage.

**Defendants' Proposed Order**

The Government respectfully submits that the Court should enter its proposed order of dismissal rather than the order proposed by Plaintiffs.

In its September 3, 2015 decision dismissing Plaintiffs' individual capacity claims, the Court directed the parties to advise the Court regarding how they wished to proceed with respect to Plaintiffs' official capacity claims. In a letter filed on October 5 (ECF No. 105), Plaintiffs advised the Court that their official capacity claims against Defendants should be dismissed without prejudice and that entry of final judgment is appropriate. Plaintiffs further advised the Court that the Government consents to the dismissal of Plaintiffs' official capacity claims without prejudice. Plaintiffs stated that the parties would prepare and submit a proposed order and judgment "reflecting the terms proposed herein for the Court's consideration." The Government's proposed order of dismissal does just that: it reflects the terms that Plaintiffs themselves identified to the Court in their October 5 submission.

The proposed order submitted by Plaintiffs, however, goes substantially beyond the terms agreed to by the parties and reflected in Plaintiffs' October 5 letter, ostensibly to provide "a chronology of the relevant events that led Plaintiffs to agree to the dismissal of their official capacity claims." But Plaintiffs' motivation for dismissing their claims has no place in the Court's order, particularly given that the Court never had occasion to consider the merits of those claims. Indeed, Plaintiffs appear to be asking the Court to make implicit findings about "transparency." There is no basis for the Court to opine, in an order in which it is acknowledged that jurisdiction (to the extent it ever existed) is being terminated, about prior events in the asserted amorphous interest of clarifying the public record, and certainly not to make factual findings, implicitly or otherwise. The record here is detailed and speaks for itself. Moreover, the chronology that Plaintiffs assert led to their withdrawing their claims will now be a matter of public record by virtue of this publicly-filed submission, vitiating any possible need for such recitations in an order of dismissal.

Plaintiffs' proposed order is particularly problematic given their suggestion that they may make an application for attorneys' fees in this case. Any such application would be entirely inappropriate, as Plaintiffs have obtained no court-sanctioned relief whatsoever, and thus cannot be considered a "prevailing party" under well-established law. *See Buckhannon Board and Care Home, Inc. v. West Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001) (rejecting

"catalyst theory" as a basis for an award of fees because it "allows an award where there is no judicially sanctioned change in the legal relationship of the parties" and "lacks the necessary judicial imprimatur"); *Roberson v. Giuliani*, 346 F.3d 75, 79 (2d Cir. 2003) (to be considered a prevailing party under *Buckhannon*, a plaintiff "must not only achieve some 'material alteration of the legal relationship of the parties,' but that change must also be judicially sanctioned"). To the contrary, to the extent Plaintiffs are dismissing their claims based on the results of their reopened DHS TRIP inquiries, those inquiries were reopened on account of events unrelated to this lawsuit. Specifically, as already reflected in the public filings in this case (*see* ECF Nos. 85, 88-90), the Government offered Plaintiffs an opportunity to have their DHS TRIP inquiries reopened under the new generally-applicable revised procedures announced in April of this year (and described in the Government's April 13, 2015 notice to the Court). *See* ECF No. 90 at 2-4.[1]

It is apparent that in requesting a "judicially-issued document in order to provide an authoritative explanation for how the revised procedures were applied in this case and how the dismissal of the official capacity claims came to pass," Plaintiffs in fact inappropriately seek to transform an on-consent voluntary dismissal of their claims into a document intended to support a potential fee application. The Court should reject this effort, and instead enter the straightforward order of dismissal proposed by the Government, which accurately reflects the terms that Plaintiffs outlined to the Court in their October 5, 2015 letter.

\* \* \*

The parties hereby jointly request that this Court issue an order and judgment dismissing Plaintiffs' official capacity claims against Defendants without prejudice and entering final judgment in favor of Defendants, in whatever form the Court deems most appropriate.

Respectfully submitted,

  /s/  *Shayana Kadidal*
Baher Azmy
Shayana Kadidal
Center for Constitutional Rights
666 Broadway, 7th Floor
New York, NY 10012
Tel.:  (212) 614-6438
Email:  kadidal@ccrjustice.org

Ramzi Kassem
Naz Ahmad
CLEAR Project

---

[1]  Plaintiffs' accusation that there has been a "lack of transparency surrounding the revised TRIP process" is meritless. The Government's April 13, 2015 notice explained those revised procedures in detail, and similar notices were filed in other pending cases involving the No Fly List. *See* ECF No. 85.

Main Street Legal Services, Inc.
City University of New York School of Law
2 Court Square
Long Island City, NY 11101
Tel.:  (718) 340-4558
Email:  ramzi.kassem@law.cuny.edu

Robert N. Shwartz
Erol N. Gulay
Debevoise & Plimpton
919 Third Avenue
New York, NY 10022
Tel.:  (212) 909-6850
Email:  rnshwartz@debevoise.com

*Counsel for Plaintiffs*


\_\_/s/_ *Sarah S. Normand*_____
Sarah S. Normand
Ellen Blain
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, NY 10007
Tel.:  (212) 637-2709
Email:  sarah.normand@usdoj.gov

*Counsel for Defendants*