

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

July 8, 2022

BY ECF
Hon. Ronnie Abrams
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 2203
New York, NY  10007

         Re:  *Tanvir v. Tanzin*, 13 Civ. 6951(RA)

Dear Judge Abrams:

  We write respectfully on behalf of the fifteen remaining defendants in this action (the "Agents") to clarify a point raised in the letter submitted by plaintiffs on July 6, 2022 (ECF No. 147) ("Pls.' Ltr.").[1]

  Plaintiffs contend that "officials seeking qualified immunity at the motion to dismiss stage bear the burden to demonstrate– by pointing to evidence in the pleadings or corresponding exhibits -- that defendants had a compelling government interest in substantially burdening religious exercise." Pls.' Letter at 2 (citing *Sabir v. Williams*, __ F.4th __, 2022 WL 2183439, at *6 (2d Cir. June 17, 2022)). That is not correct. As plaintiffs acknowledge in the following sentence of their letter, the compelling interest question only arises "once a plaintiff has made out a substantial burden" on religious exercise. *Id.* at 2-3 ("As the panel noted, once a plaintiff has made out a substantial burden, the official must then establish that the application of the burden to plaintiffs is the 'least restrictive means of furthering a compelling governmental interest'" (quoting *Sabir*, 2022 WL 2183439, at *6)).

  Contrary to plaintiffs' suggestion, *see* Pls.' Ltr. at 3, the Agents do not contend in this motion that the pleadings establish a compelling government interest under the Religious Freedom Restoration Act ("RFRA"). Rather, the Agents contend that they are entitled to qualified immunity on the pleadings because, based upon the factual allegations in the Amended Complaint, reasonable officers in the Agents' position "might not have known for certain" that their alleged conduct placed any burden (let alone a substantial burden) on plaintiffs' exercise of religion. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1867 (2017). No factual development is necessary to resolve that legal question, as (1) plaintiffs acknowledge that they never gave any indication that serving as informants would affect their religious exercise (unlike the plaintiffs in *Sabir*, who specifically and repeatedly raised their religious objections to the defendant wardens' conduct),[2] (2) plaintiffs

---

[1] Your Honor's individual rules do not appear to address reply letters, and we respectfully request that the Court consider this submission.

[2] Contrary to plaintiffs' claim in this case, Pls.' Ltr. at 3, the inapplicability of the Prison Litigation Reform Act did not leave them without a "mechanism" to make their religious objections known. They could have simply advised the Agents who allegedly asked them to serve as informants that

have not alleged that any Agent mentioned any particular religious practice (unlike the policy restricting group prayer at issue in *Sabir*, which the panel found to be "undoubtedly religious exercise," 2022 WL 2183439, at *5), and (3) there is no precedent clearly establishing that a request to inform, even when accompanied by an offer of assistance with watchlist status, imposes a substantial burden on religious exercise (unlike in *Sabir*, in which the panel found that *Salahuddin v. Coughlin*, 993 F.2d 306, 308 (2d Cir. 1993), clearly established "that preventing a prisoner from engaging in congregational prayer constitutes a substantial burden on the prisoner's religious exercise," 2022 WL 2183439, at *9 n.8).

We thank the Court for its consideration of this letter.

        Respectfully,

        DAMIAN WILLIAMS
        United States Attorney

by:   */s/ Sarah S. Normand*
      SARAH S. NORMAND
      ELLEN BLAIN
      Assistant United States Attorneys
      Tel.: (212) 637-2709/2743
      Email: sarah.normand@usdoj.gov
            ellen.blain@usdoj.gov

cc:     Counsel of Record (by ECF)

---

doing so would violate their religious beliefs. Instead, according to the Amended Complaint, Tanvir and Shinwari gave other, non-religious reasons for their refusal, and Algibhah said he would serve as an informant if he was removed from the No Fly List.